Case 3:97-cr-00263-M Document 229 Filed 03/15/05 Page 1 of 4 PageID 218



ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP CHRISTOPHER FOOTE, | § § | |
| MOVANT, | § § | No. 3:05-CV-388-R |
| vs. | § § | No. 3:97-CR-263-R |
| UNITED STATES OF AMERICA, | § § § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### FINDINGS AND CONCLUSIONS

### I. Procedural background

Movant filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

On October 16, 1997, Movant was convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); aiding and abetting in violation of 18 U.S.C. § 2; and maintaining a building for the purpose of manufacturing cocaine and cocaine base, in violation of 21 U.S.C. § 856(a)(1). The Court sentenced Movant to 215 months confinement, five years

Findings, Conclusions and Recommendation
of the United States Magistrate Judge    Page 1

supervised release, and a mandatory special assessment. The Fifth Circuit Court of Appeals dismissed Movant's appeal.

On April 15, 1999, Movant filed a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. On June 12, 2001, the Court denied the petition.

On February 24, 2005, Movant filed this § 2255 motion. Movant argues his conviction and sentence are unlawful under the United States Supreme Court's ruling in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005). Before addressing this claim, the Court must determine whether Movant can file a successive § 2255 motion without prior approval from the Fifth Circuit Court of Appeals.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Movant must obtain such an order before another motion for post-conviction relief is

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge      Page 2**

filed.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition to correct, vacate or set aside sentence pursuant to 28 U.S.C. § 2255 be dismissed without prejudice pending review by a three-judge panel of the Court of Appeals.

Signed this 15 day of March, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge      Page 3**

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE