IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-97-CR-263-M(01) |
| PHILLIP CHRISTOPHER FOOTE | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

In a letter to the court filed on July 13, 2005, Defendant Phillip Christopher Foote complains that he "was erroneously sentenced for obstruction of justice for fighting and trying to intimidate a government witness." (Def. Ltr. at 2). Defendant asks the court to either reduce his sentence or "appoint me an attorney that you deem appropriate to help me obtain some relief." (*Id.* at 3). The district judge has construed the letter as a motion to correct sentence and for the appointment of counsel, and referred the motion to the magistrate judge for determination or recommendation pursuant to 28 U.S.C. § 636(b)(1).

I.

A federal jury convicted defendant of possession with intent to distribute cocaine base, possession with intent to distribute cocaine, and maintaining a building for the purpose of manufacturing cocaine and cocaine base. Punishment was assessed at a total of 215 months confinement followed by supervised release for a period of five years. Although defendant appealed his conviction and sentence, the appeal was dismissed. *United States v. Foote*, No. 98-10113 (5th Cir. Apr. 20, 1998). Defendant also filed two motions pursuant to 28 U.S.C. § 2255. The first

motion was denied on the merits. *United States v. Foote*, No. 3-99-CV-0838-R, 2001 WL 671465 (N.D. Tex. Jun. 12, 2001), *COA denied*, No. 01-10839 (5th Cir. Nov. 21, 2001). The second motion was dismissed as successive. *United States v. Foote*, No. 3-05-CV-0388-R, 2005 WL 608143 (N.D. Tex. Mar. 15, 2005), *rec. adopted*, 2005 WL 1025968 (N.D. Tex. Apr. 28, 2005).

Undeterred, defendant now seeks post-conviction relief for a third time. Before considering his claims, the court must determine whether defendant can file this motion without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. That determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.[1]

---

[1] Defendant has filed a separate motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on an amendment to the sentencing guidelines that lowers the offense levels for some crack cocaine offenses. *See Sentencing Guidelines for United States Courts*, 72 Fed.Reg. 28558, 28571-72 (May 21, 2007). That motion is currently pending before the district judge.

## RECOMMENDATION

Defendant's motion to correct sentence [Doc. #233] should be dismissed without prejudice pending authorization from the court of appeals to file a successive motion in district court. His motion for appointment of counsel should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 24, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE